Filed
D.C. Superior Court
03/12/2021 16:50PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **KIYONNA HENRY**, on behalf of her daughter, **J.H.,** a minor, 2307 15th Street NE Washington, D.C. 20018<br><br>Plaintiff,<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, 600 5th Street, NW Washington, DC 20001<br><br>Serve: General Counsel's Office WMATA 600 Fifth Street, NW Washington, DC 20001,<br><br>Defendant. | Case No.   **2021 CA 000760 V** |

# COMPLAINT

***COMES NOW,*** Plaintiff, by and through the undersigned counsel, and files this complaint, and for this cause of action states:

## JURISDICTION

1. Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2. Venue in this court is proper since the cause of action arose in the District of Columbia.

## PARTIES

3. Kiyonna Henry is and, at all times relevant herein, was an adult resident of the District of Columbia.

4. Kiyonna Henry is the mother of J.H., hereinafter referred to as "Plaintiff."

5. Plaintiff resides and, at all times relevant hereto, did reside in the same location as Kiyonna Henry and is a resident of the District of Columbia.

6. Washington Metropolitan Area Transit Authority, hereinafter "WMATA" is at all time relevant to this action, was a company doing business in the District of Columbia.

7. At all times relevant herein, Defendant WMATA was the owner of the metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

8. Defendant Washington Metropolitan Transit Authority ("WMATA") was created when Congress approved the Washington Metropolitan Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq.*, which was signed by the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

9. Pursuant to the WMATA Compact, Defendant WMATA shall be held liable for its negligent acts and/or omissions, including those of its agents, servants and/or employees, committed in the conduct of any proprietary function. D.C. Code § 9-1107.01(80).

10. At all times relevant to this Complaint, WMATA owned and operated the NOMA Metrorail Station in Washington, D.C.

## BACKGROUND

11. This action arises out of injuries sustained by Plaintiff on or about September 19, 2018, while in Washington, DC.

12. At all times relevant to this action, Plaintiff was an invitee of Defendant WMATA.

13. Plaintiff had arrived at the NOMA Metro Station at 200 M Street, NW after school had let out.

2

14. At approximately 4:00 PM, the Defendant was only allowing ten juveniles at a time in the metro.

15. As a result of the Defendant's management of the crowd, a group of approximately fifty to a hundred juveniles bottled necked at the entrance.

16. In making the determination to preclude all but 10 juveniles to enter the platform at a time, Defendant owed a specific duty to each and every student that it caused to be placed in the large crowd awaiting admittance into the station.

17. As the juveniles were bottled necked at the entrance, one juvenile was apprehended by the WMATA Police for disorderly conduct in the Metro Station.

18. Pursuant to the Metropolitan Police Department's Incident Report, the apprehended juvenile became combative and the Metro Police deployed pepper spray.

19. In the process of deploying the pepper spray, the Metro Police negligently dropped approximately fifty pepper balls to the ground causing them to be stepped on and deployed throughout the Metro station and saturating the air.

20. This negligent conduct caused a panic and mass exodus out of the station.

21. Plaintiff was in the group of juveniles directly exposed to the concentrated deployment of the dropped pepper balls and was severely affected by the deployment of the toxic chemicals.

22. Plaintiff was able to make it to the front of the Metro center before collapsing to the ground.

23. Off-duty Metropolitan Police officers arrived on the scene and began to conduct CPR and mouth to mouth resuscitation efforts to Plaintiff as EMS personnel were called to the scene.

24. Plaintiff was then taken by ambulance to Children's National Hospital and was evaluated by a cardiologist and other healthcare providers.

25. Plaintiff sought additional follow up treatment after the date at incident.

26. Since the date at incident, Plaintiff has been subjected to various insults and displays of bullying at school due to the nature of other students being at the scene who witnessed her profound reaction to the pepper spray.

27. Plaintiff not only suffered economic harm in the form of medical treatment and expenses but suffered and continues to suffer extreme non-economic damages in the form of conscious pain and suffering, humiliation, anguish, and other such forms of damages.

## COUNT I
### (Negligence)

28. Plaintiff incorporates herein by reference each and every preceding paragraph.

29. Defendant and its agents, servants, and/or employees owed a duty of care to Plaintiff and the public at large including but not limited to

    a. providing a reasonably safe condition under all conditions;
    b. properly maintaining a controlled environment
    c. properly handling and using restraining devices such as the pepper balls;
    d. properly adhering to its own policies and procedures;
    e. having in place proper policies and procedures for maintaining foot traffic throughout its property;
    f. having in place proper policies and procedures for utilizing restraining devices such as pepper balls;
    g. having in place proper policies and procedures for training its employees on the handling and use of restraining devices such as pepper balls; and
    h. being otherwise negligent.

30. Plaintiff also asserts the legal doctrines of *respondeat superior* and *res ipsa loquitor*.

31. Defendant and its agents, servants, and employees were negligent as they either did not possess the appropriate knowledge or failed to abide by their duties to Plaintiff.

32. As a direct and proximate result of the alleged negligence, Plaintiff sustained physical injuries, subsequent medical treatment; and economic damages.

4

33. Furthermore, as direct and proximate result of the alleged negligence, Plaintiff suffered and shall continue to suffer pain of the body and mind, anxiety, anguish, discomfort, distress, inconvenience, and other non-economic damages, and incurred and shall continue to incur medical and out-of-pocket expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: March 11, 2021

Respectfully submitted,

PAULSON & NACE, PLLC

/s/ Matthew A. Nace
Matthew A. Nace, Bar No. 1011968
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiffs*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

/s/ Matthew A. Nace
Matthew A. Nace